UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:02-cr-0123-SEB-TAB-2 |
| | ) | |
| JASON L. WILBURN, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On August 19, 2015, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 3, 2015 and a supplemental petition dated August 18, 2015.  Defendant Wilburn appeared in person with his appointed counsel, Michael Donahoe.  The government appeared by James Warden, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Shelly McKee.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.The Court advised Defendant Wilburn of his rights and provided him with a copy of the petition.  Defendant Wilburn waived his right to a preliminary hearing.

2.After being placed under oath, Defendant Wilburn admitted violations 1, 2, 3, 4, and 5.  [Docket No. 78.]

3.The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On May 13, 21, 2015, the offender provided urine specimens which tested positive for marijuana by Redwood Toxicology Laboratory. He admitted smoking marijuana. On July 5, 2015, the offender provided a urine specimen which was positive for marijuana. Prior to requesting a confirmation test, the offender was provided an opportunity to admit smoking marijuana; however, he denied use and signed a denial report of positive urinalysis. The urine specimen was confirmed positive for marijuana by Alere Laboratory.

As previously reported to the Court, the defendant tested positive for marijuana on January 22, 2012, January 14, February 11, and 20, April 9, May 6, and November 4, 2014, February 5, 20, 27, March 4, April 14, and 21, May 6, and 19, 2015. The offender admitted using illegal drugs.

2   **"The defendant shall participate in a program of testing and/or treatment for substance abuse and shall pay a portion of the fees of treatment as directed by the probation officer."**

As previously reported to the Court, the offender failed to submit urine samples on January 6, February 14, 22, 24, 25, and 26, March 11, April 20, and May 1, 2, 3, 4, 5, and 10, 2015. In addition, he missed scheduled substance abuse treatment sessions on December 11, 2014, and February 24, 2015.

3   **"The defendant shall reside for a period of up to 6 months at a Residential Re-Entry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."**

The offender reported to the RRC on May 12, 2015. On June 11, 2015, the offender was in violation of a furlough condition. He was required to return to VOA at 13:00; however, failed to do so. On June 20, 2015, the offender was in violation for intoxicants. Upon the offender returning to Volunteers of America (VOA) the was subject to a breathalyzer test, which he registered a .011% BAC. On July 4, 2015, the offender was in violation for failing to return to the facility. The offender admitted going with his girlfriend and her children to watch fireworks; however, due to transportation issues he was unable to return to VOA until the next morning. On July 14, 2014, the offender was in violation for being in an unauthorized area. The offender signed off of the resident floor and went to the first floor

without authorization or permission.  On July 22, 2015, the offender was in violation for refusing a drug test.  He failed to provide a valid urine specimen necessary for testing.  On July 27, 2015, the offender was in violation for a furlough condition.  The offender reported to the probation office during the time he was approved to search for employment.  On July 30, 2015, the offender was in violation or refusing orders.  He was observed walking through the dorm room and was instructed to return to his bed, which he failed to do.  In addition, after exiting the restroom he continued to the TV room and was instructed to return to his bed, which he failed to do.  On July 30, 2015, the offender was in violation for disruptive conduct.  The offender was instructed numerous times to return to the resident floor; however, he refused and remained on the main floor.  The offender became argumentative with staff, and at one point was going to walk through an authorized area until the correctional officer pushed the door shut.

Additionally, on July 14, 2015, the offender made a statement in front of this officer and VOA Director, Ms. Maxey that he was not going to pay any subsistence while he resides at VOA.

4    **"The defendant shall be monitored by Radio Frequency for a period of up to 120 days, to commence as soon as practical, and shall abide by all the technology requirements.  The defendant shall be restricted to his residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, or other activities as pre-approved by the probation officer.  The defendant shall pay all the cost of participation in the program in accordance with his ability to pay."**

The offender has failed to pay the required location monitoring fees and currently owes a balance of $342.  In addition, he has failed to return the location monitoring equipment to the probation office.

5    **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."**

As previously reported to the Court, the offender received an infraction ticket for driving while suspended by the Indianapolis Metropolitan Police Department, and he failed to notify the probation officer of the incident.  On February 14, 2014, the offender was confronted about the law enforcement contact, and he acknowledged his failure to inform the probation officer.

    4.       The Government orally moved to dismiss the supplemental petition dated August 18, 2015 and the Court granted the same.

    5.       The parties stipulated that:

        (a)       The highest grade of violation is a Grade C violation.

        (b)       Defendant's criminal history category is III.

        (c)       The range of imprisonment applicable upon revocation of supervised release, therefore, is 5 to 11 months' imprisonment.

    5.       The parties jointly recommended Defendant Wilburn's conditions of supervised release be revoked and he be sentenced to 5 months to the Federal Bureau of Prisons with no supervised release to follow.  The parties jointly recommend placement at a Residential Reentry Center in Indianapolis, Indiana.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds the Defendant guilty of Violations 1, 2, 3, 4, and 5 as set forth in the petition, and recommends that Defendant's supervised release be revoked, and that he be sentenced to the custody of the Attorney General or his designee for a period of Five (5) months with no supervised release to follow.  In addition, if he has not done so already, Defendant Wilburn is ordered to immediately return any location monitoring equipment issued to him to the probation office.

**The Court strongly recommends that Defendant Wilburn be placed at the Residential Reentry Center, Volunteers of America, in Indianapolis, Indiana.  The evidence demonstrates that Defendant Wilburn is a student at Martin University in Indianapolis, Indiana taking courses toward a master's degree.  It is the Court's considered opinion that a designation other than the Residential Reentry Center, Volunteers of America, in Indianapolis, Indiana, which would prevent Defendant Wilburn from continuing his**

**studies, would be significantly detrimental to the overall goal of rehabilitating Mr. Wilburn following his conviction.**

Defendant Wilburn is released on current conditions of supervised release pending the District Judge's action on this Report and Recommendation and designation by the Federal Bureau of Prisons.

The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 08/21/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal